# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MITCHELL J. SHERMAN,**

    Plaintiff,

    v.                                          Case No. 21-CV-1038-SCD

**CONAGRA FOODS, INC.,**

    Defendant.

## ORDER DENYING REQUEST AND MOTION FOR APPOINTMENT OF COUNSEL

On September 7, 2021, Mitchell J. Sherman filed a complaint in federal district court alleging that his former employer, ConAgra Foods, Inc., discriminated against him on the basis of his sex and disability and retaliated against him for complaining about discrimination. *See* ECF No. 1. After the matter was randomly assigned to me, I reviewed the complaint under 28 U.S.C. § 1915, granted Sherman's request to proceed without paying the filing fee, and ordered the U.S. Marshals to serve the defendant. *See* ECF No. 6. Along with his complaint, Sherman filed a motion to appoint counsel. *See* ECF No. 3. He asserts that he asked an agent with the U.S. Equal Employment Opportunity Commission for assistance in obtaining a lawyer, and he reached out to the Wisconsin state bar and several attorneys referred to him. However, according to Sherman, no attorney will take his case without a retainer, which he cannot afford.

Unlike in criminal actions, "[t]here is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007)). Nevertheless, "a district court has discretion to recruit

counsel to represent an indigent plaintiff under 28 U.S.C. § 1915(e)(1)." *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014). In exercising this discretion, the court "must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so." *Romanelli*, 615 F.3d at 851 (citing *Pruitt*, 503 F.3d at 654). If the plaintiff satisfies this threshold requirement, the court then "evaluate[s] the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851–52 (citing *Pruitt*, 503 F.3d at 654–55). The Seventh Circuit has emphasized that "the district court must consider both halves of this equation—the difficulty of the case and the competence of the litigant." *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 660). In addition, the inquiry "does not focus solely on the plaintiff's ability to *try* his case—it also includes other 'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt*, 503 F.3d at 655).

I will deny without prejudice Sherman's request for counsel. Although it appears that Sherman is financially eligible and has made a reasonable attempt to secure counsel on his own, at this early stage I cannot say that the case is so complex that Sherman is unable to handle it on his own. *Pro se* litigation is very common, and it's the rare case in which counsel is recruited. Sherman filed his complaint without the assistance of counsel, and his complaint survived the initial screening process under § 1915. Now we are waiting for the defendant to be served and to file its response to the complaint. Discovery has not yet begun, and we are still weeks (if not months) away from motion practice. Put simply, it's too early to tell whether counsel is needed in this case.

2

For all the foregoing reasons, the court **DENIES without prejudice** the plaintiff's request and motion for appointment of counsel, ECF No. 3. I remain open to reconsidering Sherman's request as the case progresses.

**SO ORDERED** this 21st day of October, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge

3

Case 2:21-cv-01038-SCD   Filed 10/21/21   Page 3 of 3   Document 8