# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MITCHELL J. SHERMAN,**

    **Plaintiff,**

    **v.**                                  **Case No. 21-CV-1038-SCD**

**CONAGRA FOODS INC,**

    **Defendant.**

---

## DECISION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

---

Mitchell J. Sherman—whom the complaint describes as a disabled, non-binary individual—alleges that their former employer discriminated against them on the basis of their sex and disability and retaliated for complaining about the discrimination.[1] The company has moved to dismiss certain claims in Sherman's amended complaint for failure to state a claim upon which relief can be granted. Because Sherman did not properly exhaust their state-law claim for retaliation or their federal claims for failure to promote, denial of insurance benefits, and sex discrimination, I will grant the company's partial motion to dismiss and dismiss those claims.

## BACKGROUND

In February 2021, Sherman filed a charge of discrimination against their former employer, Conagra Brands Inc. (formerly known as ConAgra Foods, Inc.). *See* ECF No. 1-1

---

[1] Sherman's preferred gender pronouns are they, them, and their. Although these pronouns would seem to fly in the face of proper grammar, the Seventh Circuit has "followed suit" with parties' preferences in this respect. *Dyjak v. Wilkerson,* No. 21-2012 & 21-2119, 2022 WL 1285221, 2022 U.S. App. LEXIS 11698, at *1 n.1 (7th Cir. Apr. 29, 2022). I will do the same.

at 3. The United States Equal Employment Opportunity Commission forwarded the administrative charge to the Equal Rights Division of Wisconsin's Department of Workforce Development, which explained to Sherman that the ERD would take no action pending the EEOC's processing of the charge. *See id.* at 2. On the charge of discrimination, Sherman checked the sex discrimination, disability discrimination, and retaliation boxes. *See id.* at 3. Sherman also indicated that the alleged discrimination took place from April 1, 2020, through August 14, 2020.

Sherman's factual allegations were brief. Sherman asserted that they started working at Conagra in October 2019 as a process control technician and that, during Sherman's employment, Conagra denied Sherman training, subjected Sherman to verbal harassment, failed to provide a reasonable accommodation for Sherman's lifting restriction, and required Sherman to lift more than fifteen pounds on numerous occasions. Sherman further asserted that they formally complained to human resources in April 2020 about disability-based harassment; however, Conagra didn't take any action on the complaint. Finally, Sherman asserted that Conagra terminated Sherman's employment on August 14, 2020. Sherman closed by stating, "I believe Respondent discriminated against me on the basis of my sex (male non-heterosexual), disability and retaliated against me for opposing discriminatory treatment, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended." *Id.*

A few months after receiving the charge of discrimination, the EEOC informed Sherman that the agency had completed its investigation. *See id.* at 1. The EEOC declined to proceed further and issued Sherman a right-to-sue letter. Since the EEOC closed its file, the

ERD has not taken any action on Sherman's administrative charge of discrimination. *See* ECF No. 31 at 1–2.

Sherman subsequently sued Conagra in federal court. *See* ECF No. 1. The clerk of court randomly assigned the matter to me, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5, 15. I granted Conagra's motion to dismiss the complaint and provided Sherman an opportunity to amend. *See* ECF No. 23.

Sherman has filed an amended complaint. *See* ECF No. 24. In the "Basis for Jurisdiction" section of the form complaint, Sherman alleges a violation of Title VII, the Americans with Disabilities Act, and the retaliation provision of the Wisconsin Fair Employment Act, Wis. Stat. § 111.322. *Id.* at 3. Sherman also completed the "Statement of Claim" section. *See id.* at 4–5. There, Sherman alleges various forms of discriminatory conduct, including termination of employment, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, retaliation, "insurance coverage errors," and "other mentioned acts." *Id.* at 4. Sherman indicates that the alleged discriminatory acts started around November 10, 2019, and continued through their termination on August 14, 2020. Sherman further indicates that Conagra discriminated against them based on their gender/sex (non-binary, male at birth) and disability (ADD/ADHD, asthma, Crohn's disease, gastroparesis, manic depressive bipolar, surgical recovery, among others).

The amended complaint contains the following factual allegations. *See id.* at 4–5. In October 2019, Sherman began working at Conagra as a process control technician. Conagra told Sherman at the time of hiring that they could train for a management position and would

3

receive certain insurance benefits, but the company did not uphold either promise. In November 2019, Conagra's quality assurance manager, Paula, discriminated against and harassed Sherman regarding walkie talkie use. Paula verbally harassed Sherman again in January 2020 after Sherman refused to sign off on a government certification. Paula belittled Sherman and made comments about Sherman's gender/sex, emphasizing traditional gender roles. Sherman believes that Paula's discrimination—which continued throughout Sherman's employment at Conagra—resulted in Sherman not receiving the promised training and being denied work, denied a promotion, and ultimately terminated.

Conagra has moved to dismiss certain portions of the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 30; *see also* ECF No. 31. Sherman, who has been without counsel throughout the entire process, filed a response to the motion. *See* ECF No. 33. And Conagra has submitted a reply brief. *See* ECF No. 34.

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, "a complaint must 'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint satisfies this pleading standard when its "'factual allegations . . . raise a right to relief above the speculative level.'" *Kaminski*, 23 F.4th at 776 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A]lthough a plaintiff 'need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of

4

action for her complaint to be considered adequate.'" *Kaminski*, 23 F.4th at 776 (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). "To analyze the sufficiency of a complaint [courts] must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

## DISCUSSION

Conagra seeks to dismiss Sherman's state-law retaliation claim under the Wisconsin Fair Employment Act, as well as their Title VII claims alleging failure to promote, denial of insurance benefits, and sex discrimination, for failure to exhaust administrative remedies.

## I. Sherman May Not Proceed in Federal Court on a State Retaliation Claim

The Wisconsin Fair Employment Act provides that "no employer . . . may engage in any act of employment discrimination . . . against any individual on the basis of . . . disability [or] . . . sex." Wis. Stat. § 111.321. In addition to direct discrimination, the Act prohibits retaliation against an individual who complains about discrimination under the Act. *See* Wis. Stat. § 111.322. The Act "does not create a private right of action." *Staats v. County of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000) (citing *Bourque v. Wausau Hosp. Ctr.*, 427 N.W.2d 433, 437 (Wis. Ct. App. 1988); *Bachand v. Conn. Gen. Life Ins. Co.*, 305 N.W.2d 149, 152 (Wis. Ct. App. 1981)). Rather, the Act charges the state's Department of Workforce Development (formerly the Department of Industry, Labor and Human Relations) with receiving, investigating, and deciding complaints of discrimination under the Act. *See* Wis. Stat. § 111.39. In other words, the ERD is the exclusive forum for pursuing such claims. *See Staats*, 220 F.3d at 516 ("[T]he Equal Rights Division was the exclusive forum in which Staats could bring his WFEA claims."); *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 866 (7th Cir. 1996) ("Wisconsin courts

5

have held that the Fair Employment Act does not create a private right of action in court and that all claims under it must be brought with the Equal Rights Division or not at all."); *Bachand*, 305 N.W.2d at 152 ("[S]ince the Wisconsin Fair Employment Act specifically states that all remedies are to be pursued through [the Department], . . . that avenue is the exclusive means by which the remedy may be pursued."). Only final agency decisions are subject to judicial review. *See* Wis. Stat. § 111.395.

Sherman may not proceed in federal court on their retaliation claim under the Wisconsin Fair Employment Act. Because there is no private cause of action under the Act, Sherman could not assert a state retaliation claim directly in federal court. Moreover, Sherman has not yet exhausted remedies under Wisconsin's administrative process. Sherman cross-filed their charge of discrimination with both the EEOC and the ERD. However, the ERD deferred its investigation to the EEOC and has not yet issued an initial determination or taken any action on the administrative charge. Because the state agency hasn't completed its administrative proceedings, judicial review of that claim is premature.

## II.    Sherman May Not Proceed in Federal Court on Certain Title VII Claims

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). "After doing so, a plaintiff filing suit in federal court 'may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). "This requirement has two purposes: first, it allows the EEOC and the employer an opportunity to settle the

matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." *Chaidez*, 937 F.3d at 1004 (citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009)).

"Claims are 'like or reasonably related' when (1) 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Chaidez*, 937 F.3d at 1004 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). "The charge and complaint 'must, at minimum, describe the *same conduct* and implicate the *same individuals*.'" *Chaidez*, 937 F.3d at 1004 (quoting *Cheek*, 31 F.3d at 501). "A plaintiff cannot bring a new claim that is 'inconsistent with' the claim in his EEOC charge, even if the new claim 'involves the same parties and the same facts as the other claim.'" *Chaidez*, 937 F.3d at 1004–05 (quoting *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 526 (7th Cir. 2008)). "The fact that the charge and complaint generally assert the same kind of discrimination is not sufficient, without some factual relationship between them." *Chaidez*, 937 F.3d at 1005 (citing *Cheek*, 31 F.3d at 501).

The administrative charge of discrimination clearly does not encompass Sherman's failure-to-promote and denial-of-insurance-benefits claims. Sherman identified three forms of discrimination on the EEOC charge: discrimination based on sex, discrimination based on disability, and retaliation for complaining about discrimination. Specifically, Sherman alleged that Conagra denied them training, verbally harassed them, failed to take any action on their disability-harassment complaint to HR, failed to provide them a reasonable accommodation, required them to lift beyond a lifting restriction, and terminated their employment. Sherman did not mention in the EEOC charge anything about not being promoted or being denied

insurance benefits. Nor do any allegations in the charge hint at such adverse actions. Accordingly, Sherman's failure-to-promote and denial-of-insurance-benefits claims were not included in the charge of discrimination filed with the EEOC and are not like or reasonably related to the allegations in the charge.

Sherman did allege discrimination based on sex in both the EEOC charge and the amended complaint; however, that fact alone doesn't mean the charge encompasses the sex discrimination claim alleged here. The Seventh Circuit addressed this very issue in *Cheek*. Loretta Cheek worked as a sales representative for Western and Southern Life Insurance Company. *Cheek*, 31 F.3d at 498. During her employment, Cheek filed a charge of discrimination alleging that her manager required her, but not her male colleagues, to pay her clients' insurance premiums. *Id.* at 499, 502. "Cheek also checked the 'sex discrimination' box on the EEOC charge form." *Id.* at 500. The EEOC investigated the matter and found no evidence of discrimination. *Id.* at 499. Cheek then sued Western-Southern in federal court, alleging the company discriminated against her on the basis of her sex "by transferring her from her original sales route to a less-lucrative sales route and by engaging in a pattern or practice of transferring women sales representatives to unprofitable sales routes." *Id.* at 500–01. The district court granted the insurance company's motion for summary judgment, and Cheek appealed. *Id.* at 499.

The Seventh Circuit affirmed. The court held that, "[b]ecause an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Id.* at 501. Rather, to be alike or reasonably related, there must be a factual relationship between the claims. *Id.* The court of

8

appeals determined that Cheek's sex discrimination claim was unrelated to the allegations in her EEOC charge "in at least two ways: the type of conduct alleged to be discriminatory, and the identity of the individuals involved." *Id.* at 502. Because the two claims were not alike or reasonably related, Cheek could not pursue her sex discrimination claim in federal court.

As in *Cheek*, the sex discrimination claim in the amended complaint in this case is beyond the scope of the administrative charge of discrimination. Sherman did not describe the conduct giving rise to their sex discrimination claim within the EEOC charge. Sherman simply alleged that Conagra discriminated against them on the basis of their sex, "male non-heterosexual." ECF No. 1-1 at 3. In contrast, Sherman now alleges in the amended complaint that Conagra's quality assurance manager emphasized gender roles, thereby discriminating against Sherman based on their "non-binary" status, ECF No. 24 at 4—in other words, because Sherman does not identify as solely male or female. Sherman's EEOC charge and amended complaint therefore allege two distinct forms of sex discrimination—one based on sexual preference, the other sexual identity. Because the charge and the amended complaint do not describe the same conduct, the two sex discrimination claims are not alike or reasonably related.

\*     \*     \*

Sherman's attempt to stave off dismissal of the state retaliation, failure-to-promote, denial-of-insurance benefits, and sex discrimination claims is not persuasive. Sherman argues that requiring exhaustion beyond the EEOC of their state retaliation claim is unfair and not in the interest of justice. The issue, however, is about this court's jurisdiction to decide Sherman's claim, not fairness. Moreover, the ERD did inform Sherman that its investigation

was secondary to that of the EEOC, and Sherman has not alleged that they followed up with the ERD after the EEOC closed its case file.

Sherman also argues that they provided documents describing the alleged discrimination, including the denials of promotion and insurance errors, during the EEOC investigation and that further evidence will be revealed during discovery in this action. However, Sherman has not submitted those documents or described their contents with any specificity; I am therefore unable to determine whether or how they affect the scope of Sherman's allegations. *See Cheek*, 31 F.3d at 502 ("Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations."). Permitting those allegations to be uncovered during discovery would frustrate the notice purpose of the EEOC administrative process.

Finally, Sherman argues that Paula, the alleged primary source of the discrimination, viewed Sherman as a non-heterosexual male and that her views, not how Sherman self-identifies, are the issue. Sherman, however, alleged in the EEOC charge that Conagra discriminated against them based on their status as a non-heterosexual male; Sherman never claimed that status was merely Paula's perception of them. Perhaps more importantly, none of the allegations in the EEOC charge suggest that Conagra discriminated against Sherman based on their non-binary status. The sex discrimination claim in the amended complaint therefore is beyond the scope of the sex discrimination claim in the charge.

## CONCLUSION

For all the foregoing reasons, the court **GRANTS** the defendant's partial motion to dismiss, ECF No. 30, and **DISMISSES** the claims in the amended complaint for retaliation

under the Wisconsin Fair Employment Act, failure to promote, denial of insurance benefits, and sex discrimination.

**SO ORDERED** this 6th day of October, 2022.

_____
STEPHEN C. DRIES
United States Magistrate Judge